IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BYRNES, | No. CIV S-11-2366-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| RICK HILL, | |
|     Respondent. | |
|                               / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On October 4, 2011, the court directed petitioner to show cause in writing why his petition should not be summarily dismissed as a second or successive petition filed without prior authorization from the Ninth Circuit Court of Appeals. In response, petitioner acknowledges he previously challenged the legality of his conviction, but argues he has only recently discovered the amount of restitution that had been imposed, which has not been challenged. He states he has recently challenged the amount of restitution charged against him in the state courts, which have

1

all denied his petitions, thus necessitating his current federal habeas petition.

In the order to show cause, the court stated:

> Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

It appears petitioner may be arguing the second basis for allowing a second or successive petition to be filed, that the factual predicate of a claim was not previously discoverable. However, such an argument is properly raised to the Ninth Circuit Court of Appeals in requesting leave to file such a petition. This court does not have proper jurisdiction to consider such an argument without the proper authorization from the Court of Appeals. As the court addressed in the prior order, petitioner has not provided authorization from the Court of Appeals to file a second or successive petition, and this court therefore lacks jurisdiction to consider the pending petition.

Petitioner has also filed a request for counsel (Doc. 8). There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

///

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (Doc. 8) is denied;

2. Petitioner's petition for a writ of habeas corpus is summarily dismissed, without prejudice, as a second or successive petition filed without authorization;

3. The court declines to issue a certificate of appealability; and

4. Clerk of the Court is directed to enter judgment and close this case.

DATED: November 15, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE